OPINION JUDGMENT ENTRY
{¶ 1} On December 12, 2002, the Stark County Grand Jury indicted appellant, Robert Doak, on one count of domestic violence in violation of R.C. 2919.25.
 {¶ 2} On January 17, 2003, appellant pled guilty as charged. A sentencing hearing was scheduled for February 24, 2003. Appellant failed to appear.
 {¶ 3} Appellant was arrested on a capias and appeared for sentencing on April 7, 2003. By judgment entry filed April 8, 2003, the trial court sentenced appellant to twelve months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings."
 I {¶ 6} Appellant claims the trial court erred in imposing the maximum sentence. We disagree.
 {¶ 7} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} Appellant pled guilty to domestic violence in the fifth degree. Felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C.2929.14(A)(5). By judgment entry filed April 8, 2003, the trial court sentenced appellant to twelve months in prison.
 {¶ 13} Appellant argues the trial court failed to comply with R.C. 2929.14(C) and 2929.19(B)(2)(d) in sentencing him to the maximum sentence. The latter statute states the trial court "shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense." R.C. 2929.14(C) governs maximum prison terms and states as follows:
 {¶ 14} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 15} In reading the sentencing hearing transcript in toto, it is very clear that the trial court found appellant posed "the greatest likelihood of committing future crimes." This is evidenced by the trial court's following statements:
 {¶ 16} "Since there has been a history here of the same type of activity and since you did not appear for a sentencing hearing even though you knew that you were going to be placed on probation, and you just stated why you did not come, the Court does find that the shortest prison term will demean the seriousness of your conduct and also I will find that the shortest prison term will not adequately protect the public from future crimes by you.
 {¶ 17} "* * *
 {¶ 18} "The Court specifically makes a finding that the recidivism factor is very great in this case." April 7, 2003 T. at 9-10.
 {¶ 19} Prior to these statements, the trial court acknowledged that appellant had a criminal history and had failed on probation. Id. at 5. Appellant failed to appear at the first scheduled sentencing hearing because as appellant stated in his own words, "There was a good chance that I wouldn't be on paper too for the simple fact that I'm a three timer. I got three numbers and I have been convicted three times." Id. at 7.
 {¶ 20} Although the trial court did not recite the specific words of the statute, we nonetheless find the words "recidivism factor is very great in this case" to be equivalent to "the greatest likelihood of committing future crimes." We further find the record as a whole is clear as to the trial court's reasons for such findings.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. and Wise, J. concur.
Hoffman, P.J. dissents.